**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3600-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

THOMAS KELLY,

     Defendant-Appellant.

_____

Submitted October 7, 2024 – Decided October 17, 2024

Before Judges Sabatino and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 19-10-2503.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Brian D. Driscoll, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Kevin Hein, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Thomas Kelly, who pled guilty in 2021 to first-degree robbery, appeals the trial court's denial of his petition for postconviction relief ("PCR") without an evidentiary hearing. He claims his plea counsel was ineffective. We affirm.

The State charged defendant with first-degree robbery of a retail store by threatening store clerks at knifepoint and obtaining money from the cash register. The events in the store were recorded on multiple interior surveillance cameras. The plea form noted that defendant was exposed under the indictment to a custodial term of up to twenty years, subject to a parole ineligibility period prescribed by the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2.

Defendant's plea counsel negotiated an agreement in which defendant opted to plead guilty to first-degree robbery. In return, the State agreed to recommend a NERA sentence not to exceed ten years, concurrent to the six years defendant already was subject to on other indictments.

During the plea hearing in April 2021, defendant set forth a factual basis acknowledging that he displayed a pocketknife to employees with the intent to rob the store. The trial court duly accepted the plea.

At sentencing in May 2021, defendant expressed remorse and did not raise any dispute with his previously sworn factual basis. The trial court imposed a

ten-year NERA sentence, consistent with the plea agreement. Defendant did not appeal his sentence.

At his PCR hearing on May 17, 2023 before the same judge who had taken his plea years earlier, defendant contended his plea counsel was ineffective because the store's video surveillance[1] allegedly shows he was not carrying a knife. According to defendant, his plea counsel agreed the video did not show him brandishing a weapon, but allegedly advised him he could bring that issue up later on an appeal.

The court dismissed defendant's petition without an evidentiary hearing, finding no prima facie case of ineffectiveness had been presented. Among other things, the PCR judge underscored that defendant admitted he watched the video before he pled guilty. She also noted that, after the robbery, police found a device in defendant's possession that was described as a knife. The judge further observed that defendant is "a strong-willed man," and that "no one was making [him] plead guilty to anything in [the] courtroom."

On appeal, defendant raises the following points for our consideration:

POINT I

---

[1] PCR counsel for defendant failed to supply the trial court with the video footage. However, defendant's appellate counsel has provided us with the footage.

THE COURT ERRED IN FAILING TO VIEW DEFENDANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL IN THE LIGHT MOST FAVORABLE TO HIM AND DENYING AN EVIDENTIARY HEARING.

POINT II

THE COURT ERRED IN FINDING THAT THE CLAIM OF INEFFECTIVE ASSISTANCE DID NOT PREJUIDCE DEFENDANT AND WOULD NOT HAVE CHANGED THE RESULT OF THE PLEA

Having considered these points in light of the record and the applicable law, we affirm the PCR denial. We add only these brief comments.

The applicable two-prong legal standard for constitutionally ineffective assistance of counsel requires a petitioner to demonstrate: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the accused's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey). The trial court correctly determined that defendant failed to present a prima facie showing of these requirements.

Defendant specifically argues that the surveillance videos show that he was not brandishing a knife or other sharp weapon at the store clerk. In a post-brief submission to this court concerning the videos, he describes the item he was carrying as a "multi-tool" with a small blade that can only be accessed if

4

the tool is unfolded. He argues the videos show that the blade of the tool was not exposed and would not have been visible to the store clerks.

We have carefully reviewed the video footage as requested and disagree with defendant's characterization of it. The video shows that, as defendant was standing across from the cashiers at the register, he reached into his pocket and appeared to pull something out. As he does this, the cashier on the left is initially looking away, but when she turns and notices what he is holding, she abruptly takes a step back. Although that camera angle shows defendant's back and not his right hand, the body language of those in the scene is consistent with him holding a weapon. Additionally, footage from a different camera angle shows defendant holding an object appearing to be his multi-tool in his right hand, as he walks away from the register to exit through the back of the store.

Simply stated, the video evidence is consistent with the report of "armed robbery with a knife" that police officers were dispatched to the store to investigate, and with the knife attachment found on defendant's person when he was arrested immediately after the robbery. It does not confirm his assertion that he was unarmed. State v. S.S., 229 N.J. 360, 379–80 (2017) (instructing that appellate courts should not rely on video footage to overturn facts determined in the trial court unless the footage "clearly" contradicts those

5

findings).

Hence, the video evidence does not support defendant's claim that his counsel was ineffective for not using the evidence to obtain a better plea bargain. It is sheer speculation that the State would have been willing to offer defendant more lenient terms had his plea counsel emphasized the video footage.

Because the record is bereft of viable indicia that plea counsel's performance was deficient and caused him actual prejudice, the PCR court had no obligation to conduct an evidentiary hearing. State v. Preciose, 129 N.J. 451, 463 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3600-22